Plaintiff brings suit for the use and benefit of her minor daughter, Ethel Franklin, for damages sustained as the result of an automobile accident in which a car belonging to Mrs. Venice Preston, driven by her minor son, and a truck belonging to Cotton Baking Company, Inc., and driven by its employee, William E. Bennett, were involved. Defendants are the Baking Company, its insurer, United States Fidelity Guaranty Company, the driver of the truck, William E. Bennett, and the mother of the driver of the car, Mrs. Venice Preston.
The facts show that on October 4, 1941, a truck belonging to the Cotton Baking Company, and driven by its employee, William E. Bennett, collided with a car belonging to Mrs. Venice Preston, driven by her minor son, R.D. Preston, at or very near the intersection of Eleventh and Elysian Fields Streets in the City of Monroe, Ouachita Parish, Louisiana. Elysian Fields Street, also referred to as Field Street, runs in an east and west direction, and Eleventh Street, or North Eleventh Street, enters Field Street from the south. Across Field Street on the north there is a continuation of the north and south street, which, however, is known and named "Manassas Street" and not "Eleventh Street". The point of departure of the eastern side of Manassas Street out *Page 71 
of Field Street is about 8 feet west of the east side of Eleventh Street as it enters Field Street from the south. This irregularity has the effect of making a jog or an offset so that vehicles entering Field Street from the south on Eleventh Street and wishing to continue in a northerly direction must make a slight deviation to the west from the direct line of north and south travel in order to enter Manassas Street.
Both the truck and the Preston car immediately prior to the accident were proceeding in a northerly direction on Eleventh Street, and, while both cars, the truck, followed by the Preston car, were some short distance from the intersection with Field Street, variously estimated at from 20 to 80 feet, the driver of the Preston car attempted to pass the truck, which maneuver resulted in the collision, the left front fender of the truck coming in contact with the right front fender of the touring car. The young driver of the touring car lost control of his vehicle, which proceeded northwesterly across Field Street and the sidewalk on the west side of Manassas Street, crashed through an iron fence surrounding a cemetery, knocked over one or two tombstones and a retaining wall about one of the cemetery lots, and finally came to a stop some 35 or 40 feet from the sidewalk. In the course of this wild and uncontrolled flight, the car struck a 19 year old Negro girl, Ethel Franklin, for whose benefit this suit is brought in damages, who, at the time of the collision, was standing on the sidewalk immediately by the cemetery fence. The girl was seriously and painfully injured, was removed to the hospital, where she remained for some ten days, after which period she was confined at home for some weeks. The trial court rendered judgment in favor of plaintiff against the defendant, Mrs. Venice Preston, in the sum of $1,750, but rejected plaintiff's demands as against Cotton Baking Company, Inc., its insurer, and its employee, William E. Bennett.
From this judgment orders of appeal were granted to both plaintiff and the defendant, Mrs. Venice Preston, but the defendant, Mrs. Venice Preston, has not perfected her appeal, and, therefore, there is no question before this court with reference to the judgment as against her, save as to the quantum of damages.
In her appeal plaintiff strenuously urges the point that Bennett, the employee of Cotton Baking Company, was guilty of negligence, which negligence, concurrently with that of the driver of the Preston car, was responsible for the collision and the resulting injury to plaintiff's daughter. In support of this claim of negligence, it is argued that defendant, Bennett, was driving the truck in the center or slightly to the left of the center of Eleventh Street and giving no signal, and turning to the left.
The testimony shows that defendant, Bennett, had stopped to deliver bread at a store on the east side of Eleventh Street, more than 500 feet south of the intersection. Completing his delivery he drove his truck out into Eleventh Street, and at the time of the collision was traveling approximately in the middle of the street in a northerly direction, intending, according to his testimony, to cross Eleventh Street and continue north on Manassas Street.
A careful examination of the testimony in the record convinces us that the defendant, Bennett, neither made nor began to make a left-hand turn. The only possible claim of negligence, as we see the matter, would be that Bennett did not observe the approach of the following car in his rear view mirror. However, since, at the time he contemplated no maneuver which would in any degree interfere with any car approaching from the rear, or which would endanger either his own vehicle or that of following vehicles, we cannot conclude that this fact in itself is sufficient to support the charge of negligence.
The preponderance of the testimony of witnesses to the collision, which testimony is supported by physical facts and circumstances surrounding the incident, relieves the defendant, Bennett, of any liability on the ground of negligence in connection with the collision.
A consideration of the record leads us to the conclusion that the negligence of the driver of the Preston car was the sole and only cause of the collision and the resulting injury to the victim, there being no contributing feature of negligence on the part of the driver of the truck. There is no question in this case as to any contributory negligence on the part of the victim. *Page 72 
The record shows that the victim sustained multiple bruises, cuts and lacerations, loss of one tooth, an undepressed fracture of the skull, and a broken rib. We believe that the sum of $1,750 fixed by the trial court is an adequate measure of compensation for the injuries sustained.
For the reasons assigned, the judgment appealed from is affirmed.